# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT GALLAGHER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-325-JVB-PRC |
| ) | |
| NADA PAJEVIC, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**
**and**
**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion for a Default Judgment by the Court [DE 25], filed by Plaintiff Robert Gallagher on June 25, 2018.

On June 27, 2018, District Court Judge Joseph S. Van Bokkelen entered an Order [DE 26] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the Motion for a Default Judgment by the Court [DE 25] pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The Court recommends that Judge Van Bokkelen deny the Motion for a Default Judgment by the Court [DE 25]and sua sponte vacate the June 24, 2016 Clerk's Entry of Default [DE 9].

In addition, the undersigned Magistrate Judge, on his own authority, vacates the August 24, 2016 Opinion and Order striking Pajevic's July 12, 2016 "Answer," reinstates Defendant Pajevic's July 12, 2016 "Answer," vacates the July 31, 2018 motion hearing, and orders Gallagher to file a supplemental jurisdictional statement as set forth below.

## PROCEDURAL BACKGROUND

On August 31, 2015, Plaintiff Robert Gallagher filed a pro se Complaint against Defendant Nada Pajevic. Both Gallagher and Pajevic are proceeding without counsel in this matter.

In the Complaint, Gallagher alleges claims of defamation, libel, and intentional infliction of emotional distress against Pajevic. Specifically, Gallagher alleges that Pajevic made physical threats and threats of committing legal abuses so severe that Gallagher called the police; that Pajevic wrote a "patently false statement, in an email, where she firmly stated that [Gallagher] had stole[sic] her company printer"; that Pajevic wrote "another knowingly and absolutely false email statement where she firmly stated, (again, not an opinion), that she had a video of [Gallagher] damaging the door of her vehicle"; that Pajevic filed an order of protection against Gallagher; that Pajevic filed a false claim in small claims court falsely alleging that Gallagher had possession of her property; that Pajevic committed perjury in family court when she claimed that she feared Gallagher and implied that Gallagher was stalking her; and that Pajevic caused Gallagher to be brought into family court in Indiana.

Having been served with the summons and Complaint on October 10, 2015, Pajevic's answer was due on November 2, 2015.

On June 21, 2016, the Clerk of Court issued a notice that pursuant to Northern District of Indiana Local Rule 41-1, the case may be dismissed for lack of prosecution because Gallagher had taken no action in the case for over six months.

On June 23, 2016, Gallagher filed a Motion for Clerk's Entry of Default against Pajevic, signing a sworn affidavit seeking damages in the amount of one million dollars. (ECF 8).

On June 24, 2016, the Clerk of Court issued a Clerk's Entry of Default against Pajevic. (ECF 9).

On July 12, 2016, Pajevic filed a document with the court, docketed as an "Answer," offering an answer to Gallagher's Complaint and asking that the matter be dismissed. (ECF 12). Pajevic attached 21 pages of exhibits. In the "Answer," Pajevic states that Gallagher's allegations have no basis in fact; that Gallagher has filed multiple frivolous cases/complaints in Illinois against her, all of which have been dismissed; that she has a 2-year order of protection against Gallagher; that Gallagher does not reside in Indiana but has been continuously living in Illinois for over sixteen years; and that Gallagher stole Pajevic's employer's company asset from her home that was returned to her by her employer's security company.

On August 15, 2016, Gallagher filed a "Motion to Deny Defendant's Answer," asking the Court to strike Pajevic's July 12, 2016 filing on the basis that Pajevic did not serve it on Gallagher and the letter is not presented in the form of a motion. Pajevic did not respond to the motion.

On August 24, 2016, the Court issued an order striking Pajevic's July 12, 2016 "Answer" on the basis that she did not first move to set aside the Clerk's Entry of Default, and denied as moot Gallagher's "Motion to Deny Defendant's Answer."

On December 29, 2016, the Clerk of Court issued another Local Rule 41-1 notice for failure to prosecute. Gallagher took no further action of record in this case, and on February 16, 2017, the presiding trial judge dismissed the case with prejudice and a clerk's entry of judgment was filed.

On February 23, 2017, Gallagher filed a Motion to Reinstate, asserting that, on January 15, 2017, he responded to the Rule 41-1 notice but that his response did not get docketed in this case.

On March 26, 2018, the presiding trial judge reinstated the case, setting a deadline of May 11, 2018 for Pajevic to move to set aside the June 24, 2016 Clerk's Entry of Default.

On May 22, 2018, the Court set this matter for a telephonic status conference for June 7, 2018, and ordered the parties to call the case manager by June 4, 2018, to provide a telephone number where they each could be reached for the status conference. Gallagher previously refused to allow the Court to maintain his telephone number on the electronic case docket. Gallagher did not contact the case manager with his phone number for the June 7, 2018 hearing.

On June 7, 2018, Pajevic was available telephonically for the hearing but Gallagher, having failed to provide his number, could not be reached. The hearing was not held, and the Court made a record of this on the electronic docket. The undersigned Magistrate Judge referred this matter to the presiding trial judge to consider ordering a Rule 41(b) dismissal of Gallagher's Complaint for failure to prosecute or some other appropriate sanction.

On June 25, 2018, Gallagher filed an "Answer" to the Court's June 7, 2018 referral.

The same date, Gallagher filed the Motion for a Default Judgment by the Court (ECF 25) based on the June 24, 2016 Clerk's Entry of Default, seeking default judgment under Federal Rule of Civil Procedure 55(b)(2) for a sum certain in the amount of $75,000.00.

On June 27, 2018, the presiding trial judge referred the Motion for a Default Judgment by the Court (ECF 25) to the undersigned Magistrate Judge for a report and recommendation. On June 29, 2018, the Court set the Motion for a Default Judgment by the Court (ECF 25) for a hearing for July 31, 2018.

**DISCUSSION**

*1.    Motion for a Default Judgment by the Court*

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment and provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Court has the authority to sua sponte set aside an entry of default for good cause. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). In the Seventh Circuit Court of Appeals, trial on the merits is preferred to default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2007).

The "good cause" for setting aside an entry of default is "'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). That is, "an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse." *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015). For example, "[d]amages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case." *Sims*, 475 F.3d at 868. The "good cause" standard is easier to satisfy where, as is the case here, the matter to be set aside is an entry of default and not a default judgment. *Id.*

Having again reviewed the docket, the allegations of the Complaint, and Pajevic's stricken July 12, 2016 "Answer," the Court finds that there is good cause for Judge Van Bokkelen to set aside the June 24, 2016 Clerk's Entry of Default. Pajevic's "Answer" provides a defense to Gallagher's allegations in the Complaint. Pajevic filed the "Answer" less than three weeks after Gallagher filed his Motion for Entry of Default. The Court struck the "Answer" for procedural reasons, namely that Pajevic did not first seek to set aside the default. However, Pajevic is litigating this matter pro se, so the Court may, to some extent, treat her more leniently on procedural matters

5

than it would a party represented by counsel, and Pajevic's failure to timely file an answer does not appear to be a willful flaunting of Court rules. Gallagher himself failed to provide the Court with his phone number for the telephonic status conference set for June 7, 2018. And, he has three times had notices for failure to prosecute issued against him. Gallagher requests damages of approximately $75,000 for his claims of defamation, libel, and intentional infliction of emotional distress. Entering default judgment against Pajevic on these claims would be unjust without allowing the parties the opportunity to address the merits of the case.

Finding good cause, the undersigned Magistrate Judge vacates the August 24, 2016 Opinion and Order, which struck Pajevic's July 12, 2016 "Answer," and orders that the July 12, 2016 "Answer" is reinstated on the docket.

As a result, the Court finds that there is good cause to set aside the June 24, 2016 Clerk's Entry of Default to allow Pajevic to defend against the merits of Gallagher's claims and recommends that Judge Van Bokkelen vacate the June 24, 2016 Clerk's Entry of Default and, as a result, deny the Motion for a Default Judgment by the Court (ECF 25).

2.  *The Court's Subject Matter Jurisdiction*

The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). Plaintiff Gallagher, as the party seeking federal jurisdiction, has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3).

In the Complaint, Plaintiff Gallagher invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that he is a "long time resident of Indiana," that Defendant Pajevic is a "long

6

time resident of Illinois," and that "the amount in controversy far exceeds the minimum sum required by the US Courts." (ECF 1). For the Court to have diversity jurisdiction, Gallagher and Pajevic must be citizens of different states and the amount in controversy must exceed $75,000.00. Citizenship of an individual is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Gallagher has not alleged domicile, and Pajevic, in her "Answer," alleges that Gallagher lives in Illinois, not in Indiana. In addition, Gallagher has not demonstrated how the allegations support damages in excess of $75,000.00. Gallagher must support his allegations of citizenship and the amount in controversy with "competent proof." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Therefore, the Court orders Gallagher to file a supplemental jurisdictional statement that properly alleges his own domicile, Pajevic's domicile, and the basis for the amount in controversy and to present evidence providing competent proof of the parties' domiciles and of an amount in controversy exceeding $75,000.00.

# CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the August 24, 2016 Opinion and Order [DE 15] is **VACATED** and **ORDERS** that Pajevic's "Answer" [DE 12] be **REINSTATED** on the docket.

The Court further **RECOMMENDS** that Judge Van Bokkelen sua sponte *set aside* the Clerk's Entry of Default [DE 9] and that Judge Van Bokkelen *deny* the Motion for a Default Judgment by the Court [DE 25].

The Court **VACATES** the July 31, 2018 motion hearing and **DENIES as moot** the request made by Defendant Pajevic to participate in the hearing telephonically [DE 28].

The Court **ORDERS** Plaintiff Robert Gallagher to **FILE** with the Court on or before **August 24, 2018**, (1) a "Supplemental Jurisdictional Statement" that properly alleges his own domicile, Pajevic's domicile, and the basis for the amount in controversy and (2) competent proof of the parties' domiciles and of an amount in controversy exceeding $75,000.00.

The Court **ADVISES** both Plaintiff Gallagher and Defendant Pajevic that any filing with the Court must also be sent separately to the other party, and the filing must include a signed "Certificate of Service," as required by Federal Rule of Civil Procedure 5(d)(1), showing that the filing was served on the other party, the date of service on the other party, and the method of service.

This Report and Recommendation on the Motion for a Default Judgment by the Court [DE 25] is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file with the Clerk of Court written objections to the Court' recommendation that Judge Van Bokkelen sua sponte set aside the Clerk's Entry of Default [DE 9] and deny the Motion for a Default Judgment by the Court [DE 25]. The failure to file a timely objection to the Recommendation on the Motion for a

Default Judgment by the Court [DE 25] and the Clerk's Entry of Default [DE 9] will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 24th day of July, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Plaintiff Robert Gallagher, pro se
Defendant Nada Pajevic, pro se